AO 106 (Rev. 04/10) Application for a Search Warrant    AUTHORIZED AND APPROVED/DATE: _____ 7/6/22

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

**FILED**
JUL - 6 2022
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. M-22-487-SM
IN THE MATTER OF THE SEARCH OF A BLACK SAMSUNG CELLPHONE, )
IMEI: 351721112563941, LOCATED AT FBI OKLAHOMA CITY, 3301 W. )
MEMORIAL ROAD, OKLAHOMA CITY, OKLAHOMA )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §841(a)(1) | Possession with Intent to Distribute and to Distribute Controlled Substances |
| 21 U.S.C. §846 | Drug Conspiracy |

The application is based on these facts:
See attached Affidavit of FBI Special Agent Marc Jones

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days:(_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Marc Jones, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/6/22

_____
*Judge's signature*

City and state: Oklahoma City, Oklahoma    Suzanne Mitchell, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

The property to be searched is a BLACK SAMSUNG CELLPHONE, IMEI: 351721112563941, hereinafter the "Subject Phone." The Subject Phone is currently located at FBI Oklahoma City, 3301 W. Memorial Road, Oklahoma City, Oklahoma. A photo of the Subject Phone is below:



This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in

addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## ATTACHMENT B

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of the crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely a violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 846:

1. All records on the Subject Phone described in Attachment A that relate to violations of 21 U.S.C. §§ 841(a)(1) and 846 involving Antonio ORTIZ Herrera, Victoriano NERI Hernandez, and others from September 1, 2021, to the present, including:

    a. lists of customers and related identifying information;

    b. lists of co-conspirators and related identifying information;

    c. records of communications with customers or co-conspirators, whether such communication be a telephone call, text message (e.g., SMS or MMS), instant message, or communication through an application stored on the phone;

    d. records detailing the types, amounts, or prices of drugs trafficked, as well as dates, places, and amounts of specific transactions;

e. any information related to the sources of drugs, including names, addresses, phone numbers, or any other identifying information);

f. any audio recordings, pictures, video recordings, or still-captured images on the Subject Phone related to the purchase, sale, transportation, or distribution of controlled substances or the collection, transfer or laundering of drug proceeds;

g. all bank records, checks, credit card bills, account information, and other financial records; and

h. any location data related to the acquisition or distribution of controlled substances.

2. Evidence of user attribution showing who used or owned the Subject Phone described in Attachment A at the time the things described in this warrant were created, edited, or deleted, including:

a. logs, phonebooks, saved usernames and passwords, documents, and browsing history;

b. text messages, multimedia messages, email, email messages, chats, instant messaging logs, and other correspondence;

    c.    photographs;

    d.    records of Internet Protocol addresses used; and

    e.    records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

3. Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A BLACK SAMSUNG CELLPHONE, IMEI: 351721112563941, LOCATED AT FBI OKLAHOMA CITY, 3301 W. MEMORIAL ROAD, OKLAHOMA CITY, OKLAHOMA | Case No. M-22-487-SM |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Marc Jones, Special Agent with the Federal Bureau of Investigation (FBI), having been duly sworn, depose and state as follows:

1. I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device identified below and in Attachment A, which is currently in law enforcement possession—and the extraction from that property of electronically stored information described in Attachment B, which constitute evidence, instrumentalities, and fruit of violations of 21 U.S.C. §§ 841(a)(1) and 846.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI). As a Special Agent, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and empowered by law to conduct investigations of, and to make arrests for, offenses set forth in 18 U.S.C. § 2516.

3.   I have been a Special Agent with the FBI since April 2021. I am currently assigned to the Oklahoma City Division, where I am assigned to the Criminal Enterprise Squad, which is responsible for investigating street gang and drug-related offenses. Since becoming a Special Agent, I have been trained in a variety of investigative matters which involved the unlawful distribution of narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846. Prior to joining the FBI, I was a Child Protective Services Specialist, from October 2015 to March 2021. In that capacity, I investigated allegations of child abuse and/or neglect and reported the findings of my investigations to the District Attorney's Office. Through my training and experience, I have become familiar with the methods and operation of drug distributors, including their common organizational structures, use of violence, methods of distributing, storing, and transporting drugs, and methods of collecting and laundering drug proceeds. As part of my investigative experience as an FBI Special Agent, I have been the affiant in multiple Title III wire intercept affidavits, executed search and arrest warrants, conducted physical surveillance, coordinated controlled purchases with confidential sources, analyzed records documenting the purchase and sale of illegal drugs, and spoken with informants and subjects, as well as other local and federal law enforcement officers, regarding the manner in which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs.

4. I am submitting this Affidavit in support of a search warrant authorizing a search of one cellular telephone; a black Samsung Cellphone, IMEI: 351721112563941 (hereinafter **SUBJECT PHONE**), as further described in **Attachment A**, which is incorporated into this Affidavit by reference. The FBI in Oklahoma City has custody of the **SUBJECT PHONE** in Oklahoma City, Oklahoma. I am submitting this Affidavit in support of a search warrant, which would authorize the forensic examination of the **SUBJECT PHONE** for the purpose of identifying electronically stored data that is particularly described in **Attachment B**, which constitute instrumentalities, evidence, and fruits of violations of 21 U.S.C. §§ 841(a)(1), 846. The requested warrant would also authorize the seizure of the items and information specified in **Attachment B**.

5. Based on my training, experience, and the facts set forth in this Affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have been committed by Victoriano Neri Hernandez (NERI), Antonio Ortiz Herrera (ORTIZ), and others. There is also probable cause to search the property described in **Attachment A** for instrumentalities, evidence, and fruits of these crimes, as described in **Attachment B**.

6. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe

are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## BACKGROUND OF INVESTIGATION

7. On May 12, 2022, the FBI and the Oklahoma City Police Department conducted an arrest of ORTIZ based on probable cause to believe ORTIZ was involved in a drug conspiracy that was based in Oklahoma City. Law enforcement conducted multiple search warrants on May 12, 2022, in relation to a larger investigation into a drug trafficking organization that ORTIZ was believed to be a high-ranking member of. ORTIZ had the **SUBJECT PHONE** in his residence, on top of a dresser in what appeared to be the master bedroom, at the time his residence was searched by law enforcement pursuant to a federal search warrant.

8. The search of ORTIZ's residence was one of four searches performed by law enforcement on May 12, 2022. In total, law enforcement seized approximately fifty individually wrapped packages of suspected cocaine, with each package weighing approximately 500 grams. Forty of these packages were located in Venus, Texas, while ten of the packages were located in ORTIZ's residence. The packages found in ORTIZ's residence contained similar

markings to those found in Venus, Texas. Law enforcement also seized approximately 10 kilograms of a crystal-like substance that resembled methamphetamine, liquid methamphetamine, and $3,000 from ORTIZ's residence. The substances seized on May 12, 2022, had positive presumptive field tests for cocaine and methamphetamine, respectively.

9. ORTIZ was taken into custody based on probable cause charges by the FBI and transported to Pottawatomie County Jail. A complaint has been filed charging ORTIZ and seven others, including NERI, with a violation of 21 U.S.C. § 846, in Case Number M-22-349-STE. The **SUBJECT PHONE** was seized by investigators and checked into the Oklahoma City FBI Evidence Control Room.

10. As part of this investigation, law enforcement utilized wiretaps on the phones of ORTIZ (TT1 and TT2) and NERI. NERI is the boss of the Oklahoma section of this drug trafficking organization and ORTIZ is second-in-command. Based on my training and experience, I am aware that members of DTO's often use multiple cellphones as an attempt to protect themselves from potential prosecution. These phones are often dropped at any indication of law enforcement investigation. This is the case here, as law enforcement identified multiple cell phones being used by ORTIZ throughout the course of this investigation.

11. For example, in September 2021, law enforcement conducted a traffic stop on a member of the DTO after observing him meet with ORTIZ and seized approximately $145,533 in U.S. Currency. Following the traffic stop, ORTIZ both changed his phone number and moved residences.

12. On March 16, 2022, Judge Stephen P. Friot signed an order pursuant to 18 U.S.C. § 2518, *et seq.*, authorizing the interception of wire and electronic communications on one of ORTIZ's phones, (405) 640-1746 (TT1). Shortly after law enforcement began intercepting communications, it discovered that ORTIZ utilized a second phone, (405) 243-1864 (TT2). On April 14, 2022, Judge Stephen P. Friot signed an order pursuant to 18 U.S.C. § 2518, *et seq.*, authorizing the continued interception of wire and electronic communications on TT1 and the initial interception of wire and electronic communications on TT2. Based on the interceptions on both TT1 and TT2, law enforcement determined that ORTIZ used both lines in connection with drug trafficking, with TT1 being used primarily to communicate with customers or low-level members of the DTO and TT2 being used primarily to communicate with high-level members of the DTO and individuals that worked at ORTIZ's direction.

13. On April 29, 2022, law enforcement intercepted communications whereby ORTIZ directed members of the conspiracy in connection with a methamphetamine transaction. Following the transaction, two members of the

conspiracy were stopped by police and arrested. ORTIZ had communicated with these members via TT1. Following this arrest, ORTIZ stopped using TT1 and intercepted communications on TT2 confirmed that ORTIZ turned off the phone in response to the arrest. Law enforcement then identified another phone number for ORTIZ, (859) 576-4614. Law enforcement determined that ORTIZ was using this phone number in a similar manner to how he used TT1.

14. Based upon my training and experience, I am aware that individuals involved in trafficking illegal drugs often use cell phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

15. Based on my training and experience, I know that individuals involved in trafficking illegal drugs often take and store photographs of controlled substances and the proceeds of drug sales, and usually take and store these photographs using their cell phones.

16. Based on my training and experience, I know that electronic devices like the **SUBJECT PHONE** can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically

stored for some period of time on the electronic device. This information can sometimes be recovered with forensic tools. This is true even if the user of the electronic device deleted the file. This is so because when a person "deletes" a file on a computer or electronic device, the data contained in the file does not actually disappear; rather, the data remains on the storage medium until it is overwritten by new data.

17. Based on the above information, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **SUBJECT PHONE**. Therefore, I respectfully request that this Court issue a search warrant for the **SUBJECT PHONE**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

18. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **SUBJECT PHONE** consistent with the warrant. The examination may require law enforcement to employ techniques, including but not limited to computer-assisted scans of the entire medium, which might expose many parts of the **SUBJECT PHONE** to human inspection in order to determine whether it is evidence described by the warrant.

19. Because the warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

_____
MARC JONES
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN to before me this 6th day of July, 2022.

_____
SUZANNE MITCHELL
United States Magistrate Judge

## ATTACHMENT A

The property to be searched is a BLACK SAMSUNG CELLPHONE, IMEI: 351721112563941, hereinafter the "Subject Phone." The Subject Phone is currently located at FBI Oklahoma City, 3301 W. Memorial Road, Oklahoma City, Oklahoma. A photo of the Subject Phone is below:



This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in

addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## ATTACHMENT B

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of the crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely a violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 846:

1. All records on the Subject Phone described in Attachment A that relate to violations of 21 U.S.C. §§ 841(a)(1) and 846 involving Antonio ORTIZ Herrera, Victoriano NERI Hernandez, and others from September 1, 2021, to the present, including:

    a. lists of customers and related identifying information;

    b. lists of co-conspirators and related identifying information;

    c. records of communications with customers or co-conspirators, whether such communication be a telephone call, text message (e.g., SMS or MMS), instant message, or communication through an application stored on the phone;

    d. records detailing the types, amounts, or prices of drugs trafficked, as well as dates, places, and amounts of specific transactions;

    e.    any information related to the sources of drugs, including names, addresses, phone numbers, or any other identifying information);

    f.    any audio recordings, pictures, video recordings, or still-captured images on the Subject Phone related to the purchase, sale, transportation, or distribution of controlled substances or the collection, transfer or laundering of drug proceeds;

    g.    all bank records, checks, credit card bills, account information, and other financial records; and

    h.    any location data related to the acquisition or distribution of controlled substances.

2.    Evidence of user attribution showing who used or owned the Subject Phone described in Attachment A at the time the things described in this warrant were created, edited, or deleted, including:

    a.    logs, phonebooks, saved usernames and passwords, documents, and browsing history;

    b.    text messages, multimedia messages, email, email messages, chats, instant messaging logs, and other correspondence;

c. photographs;

d. records of Internet Protocol addresses used; and

e. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

3. Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.